

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 12, 1962

Honorable Alvin E. Pape
County Attorney
Guadalupe County Courthouse
Seguin, Texas

Opinion No. WW-1307

Re: Whether the City Clerk may
return absentee voters'
poll tax receipts, now
being held by the Clerk
under Subdivision 6 of Art.
5.05, Texas Election Code
for 30 days after such
voters have voted absentee
in a city election, so as
to enable such voters to
use the poll tax receipts
again to vote absentee in
school and primary elec-
tions, occurring within
less than 30 days of the
preceding city election.

Dear Mr. Pape:

In your letter you stated:

"The city election in Seguin will
be held on April 3. The City Clerk
is now retaining the poll taxes of
persons seeking to cast an absentee
ballot as required by Article 5.05,
Subdivision 2, of the Election Code
of the State of Texas. Subdivision
6 provides that the Clerk shall re-
turn the poll tax receipts and the
exemption certificates to the absen-
tee voters after the expiration of
30 days unless a contest has been
filed.

"Many voters have cast an absen-
tee ballot in the City election and
have requested that their poll tax
receipts be returned to them so that
if necessary they can vote absentee
in the school and primary elections
which will follow shortly. Is the
City Clerk required to hold such poll
tax for 30 days as provided by the
Code or may she return them to the
voter at an earlier date? If she

can return such poll tax receipts
at a date earlier than that pro-
vided in the Code, what is the
earliest date after the election
she can release such poll tax re-
ceipts to the voters?"

Subdivision 2 of Article 5.05, Texas Election Code reads
in part as follows:

"An elector desiring to vote
absentee shall make written sworn
application for an official ballot
to the county clerk of the county
of his residence, . . . Such appli-
cation shall be accompanied by the
poll tax receipt or exemption certi-
ficate of the elector, or, in lieu
thereof, his affidavit in writing
that same has been lost or mis-
laid. . . ." ∕ Emphasis added ∕

Subdivision 6 of Article 5.05, Texas Election Code reads
in part as follows:

". . .

"The county clerk shall return
the poll tax receipts and the exemp-
tion certificates to the absentee
voters at the end of thirty (30) days
unless a contest has been filed."

In your letter you refer to the "City Clerk". This is the
same official referred to in the Election Code as the "City Secre-
tary." Art. 7.13, Election Code, reads in part as follows:

"The expense of all city and town
elections shall be paid by the munici-
pality in which same are held. In all
such elections, . . . , the city secre-
tary, . . . shall do and perform each
act which in other elections are re-
quired to be done and performed. . .
by . . . the county clerk . . . ."
∕ Emphasis added ∕

The clerk's authority to mail an absentee ballot rests on
the clerk's possession of two documents: (1) a sworn application
for absentee ballot, and (2) any one of the following instruments:

(a) poll tax receipt, (b) exemption certificate, or (c) affidavit in writing that same has been lost or mislaid. Seguin is a city with a population in excess of 10,000 inhabitants according to the 1960 Federal Census, so every exempt voter who voted in the city election in Seguin will be required to possess an exemption certificate, and we need not consider the situation of an exempt voter who might live outside a city of 10,000 inhabitants, and who possesses neither a poll tax receipt nor an exemption certificate.

Why does Subdivision 6 of Article 5.05, Texas Election Code require the clerk to hold the poll tax receipts and exemption certificates for 30 days? Art. 9.03, Texas Election Code reads in part as follows:

>"Any person intending to contest the election of any one holding a certificate for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing. . ."

Subdivision 6 of Article 5.05, Texas Election Code, provides that the poll tax receipts and exemption certificates should be returned at the end of 30 days, ". . . unless a contest has been filed." If any of the absentee votes should be contested in the election contest, it is obvious that the absentee voter's poll tax receipt or exemption certificate ought to be available for evidence in court. We hold, therefore, that the city clerk may not return the poll tax receipts or exemption certificates to the absentee voters until the expiration of thirty (30) days after the return day of the election.

This still leaves the question of how these absentee voters are going to participate in another election, which follows so closely on the heels of the city election as to make it impossible for the clerk to return their poll tax receipts and exemption certificates in time to use them in the subsequent election. This problem would exist whether the voter intended to vote in the second election in person at the polling place on election day, or by absentee ballot prior to the second election. If his poll tax receipt or exemption certificate had not been returned by the clerk at the time he went to vote in the second election, and if it were mandatory that he have such poll tax receipt or exemption certificate in his possession before he could participate in the second election, he would be disenfranchised.

Art. 5.02, Texas Election Code, provides in part:

"... <u>If such voter shall have
lost or misplaced said tax receipt,
he or she shall be entitled to vote
upon making</u> and leaving with the judge
of the election <u>an affidavit</u> that such
tax was paid by him or her, or by his
wife or by her husband during the time
allowed by law preceding such election
at which he or she offers to vote, and
<u>that said receipt has been lost, mis-
placed, or left at home.</u> ..."
/ Emphasis added /

Attorney General's Opinion No. WW-594 (1959) holds that
the above rule also applies to exemption certificates.  Subdi-
vision 2 of Art. 5.05, <u>supra</u>, provides for affidavits of lost
poll tax receipts or exemption certificates.  In the strict
literal sense of the word, the poll tax receipt or exemption
certificate in the hands of the clerk, who is holding it pur-
suant to Subdivision 6 of Art. 5.05, <u>supra</u>, is not "lost."  Nor
is it "mislaid" in the sense that the owner of the same has put
it someplace and momentarily forgotten where it is.  But is is
obvious that the voter, in these circumstances, is entitled to
make affidavit that he has mislaid such tax receipt or certifi-
cate.  To hold otherwise, would reach the absurd result that the
voter who voted absentee in one election was disenfranchised to
vote in a subsequent election held within 30 days of the first
election, simply because he had no way to regain possession of
his poll tax receipt or exemption certificate.  In 39 Tex.Jur.,
Statutes, Sec. 95, page 179, the rule is stated:

"...

"... statutes are frequently
given an interpretation at variance
with their literal terms. ...

"... Thus it has been decided
that words or clauses should not be
given their literal meaning when such
an interpretation would thwart the
plain purpose of the Legislature, or
would lead to palpable absurdity, ...,
injustice. ..., if such construction
can reasonably be avoided."

We hold, therefore, that a voter who has voted absentee
in an election, and by reason of Subdivision 2, Art. 5.05, Texas
Election Code, has delivered his poll tax receipt or exemption
certificate together with his application to the county clerk

or city clerk in order to receive his absentee ballot, and whose poll tax receipt or exemption certificate has not been returned to such absentee voter, because it is being held by such clerk for 30 days after such election pursuant to Subdivision 6 of Art. 5.05, may vote at any subsequent election held during the period while his tax receipt or certificate is being so held by such clerk by making affidavit of "lost" or "mislaid" poll tax receipt or exemption certificate as prescribed by Art. 5.02, or Subdivision 2 of Art. 5.05, Texas Election Code.

### S U M M A R Y

City Clerk, holding an absentee voter's poll tax receipt or exemption certificate, delivered or mailed to him by a voter in a city election in order to obtain an absentee ballot, as required by Subdivision 2, Art. 5.05, Texas Election Code, must hold such poll tax receipt or exemption certificate for thirty (30) days after the return day of the election, before returning the same to the voter. Subdivision 6, Art. 5.05, Texas Election Code.

A voter, whose poll tax receipt or exemption certificate is in the hands of the clerk, as a result of having made application for an absentee ballot, may vote in any subsequent election during the period while the clerk retains such tax receipt or certificate, by making affidavit of "lost" or "mislaid" poll tax receipt or exemption certificate, as provided by Art. 5.02, or Subdivision 2 of Art. 5.05, Texas Election Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Riley Eugene Fletcher_

Riley Eugene Fletcher
Assistant

REF/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Elmer McVey
J. C. Davis
W. E. Allen        REVIEWED FOR THE ATTORNEY GENERAL
Leon Pesek        By: Houghton Brownlee, Jr.